CV 03-1071 #1

FILE
LODGED ENTERED
RECEIVED

MAY 1 2 2003 MR

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHN BRACE and STEPHANIE BRACE, individually, and JOHN BRACE on behalf of MARISSA BRACE, minor,<br><br>Plaintiffs,<br><br>vs<br><br>CITY OF SEATTLE, a Municipal Corporation, SEATTLE POLICE DEPARTMENT, M WATERS, in his individual and official capacity as an OFFICER of the SEATTLE POLICE DEPARTMENT, and JANE DOE WATERS, his wife, and the marital community composed thereof, C. M HAIRSTON, in his individual and official capacity as an OFFICER of the SEATTLE POLICE DEPARTMENT, and JANE DOE HAIRSTON, his wife, and the marital community composed thereof, and DOES 1-50,<br><br>Defendants. | Case No **C 03-1071**<br><br>**COMPLAINT**<br>FOR VIOLATIONS OF CIVIL RIGHTS, TRESPASS TO CHATTEL, CONVERSION, LOSS OF COMPANIONSHIP, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, STATUTORY NUISANCE, NEGLIGENCE, NEGLIGENT SUPERVISION, GROSS NEGLIGENCE<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, by and through their attorney of record, ADAM P KARP, do hereby allege

\#

\#

COMPLAINT - 1

LAW OFFICE OF ADAM P KARP
ADAM P. KARP, ESQ
600 1st Ave Ste 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer com



## I. JURISDICTION AND VENUE

1.1  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and venue is properly set in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391

1.2  The causes of action alleged herein arise from factual allegations occurring in this judicial district

1.3  Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants reside in this judicial district

## II. PARTIES

2.1  Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE, (hereinafter "the Braces" or "the plaintiffs") are, and at all times herein were, individuals residing in King County and the owners of the animal at issue. Mr. Brace also claims on behalf of a minor child and contemporaneously seeks appointment as guardian ad litem for her in this matter for that purpose

2.2  The CITY OF SEATTLE is a municipal corporation located within the Western District of Washington and organized under the laws of the State of Washington

2.3  M. WATERS (hereinafter "WATERS") and Jane Doe Waters constitute a marital community under the laws of the State of Washington and upon belief reside within King County. Upon belief, M. WATERS was at the time of the injuries complained of in this Complaint, an employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT acting within the scope of his official duties

COMPLAINT - 2

LAW OFFICE OF ADAM P. KARP
ADAM P. KARP, ESQ
600 1st Ave., Ste. 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer.com

2.4    C.M. HAIRSTON (hereinafter "HAIRSTON") and Jane Doe Hairston constitute a marital community under the laws of the State of Washington and upon belief reside within King County within the Western District of Washington State. Upon belief, C.M. HAIRSTON was at the time of the injuries complained of in this complaint, an employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT, acting within the scope of his official duties.

2.5    There are numerous other persons, identities presently unknown to Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE who are, and were at all times mentioned herein, supervisors, incident commanders, and decision-makers OF THE CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT, who acted in concert with the above named Defendants and who devised or approved the police strategy for responding to the altercation and police response thereto that is the subject of this action and in doing the things hereinafter alleged, acted under color of state law as agents of the CITY OF SEATTLE and with its full consent and approval.

2.6    DOES 1-50 are, and were at all times mentioned herein, OFFICERS and SUPERVISORS of The Police Department Of The City Of Seattle, and in committing, participating in, directing, or with knowledge failing to prevent the acts and omissions herein acted under color of state law as agents of the CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT and with such entities' consent and approval.

2.7    This action is brought pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Article 1, Section 3 of the Washington State Constitution, 42

COMPLAINT - 3

U S C §§ 1983, 1988, Washington State common law prohibiting intentional infliction of emotional distress, private nuisance, trespass to chattel, conversion, loss of companionship, and Washington common law negligence, negligent supervision, and gross negligence

2.8     On July 15, 2002, Defendant City of Seattle was served with a Notice of Claim The City rejected the claim, and it has been more than sixty days since the claim was filed

### III. FACTS

3 1     On or about 3 15 p m on January 9, 2002, CARLOS CASTRO and RUBEN CASTRO were involved in an altercation with KEITH HOLMAN on the 900 block of Southwest Holden Street in Seattle, Washington

3 2     Neither CARLOS CASTRO nor RUBEN CASTRO wielded guns, knives, blunt or edged instruments, or any other weapons during this altercation

3 3     On or about 3 20 p m , Seattle Police Department dispatched Defendants HAIRSTON and WATERS to the scene of the altercation

3 4     Seattle Police officers did not arrive until after the Seattle Fire Department was on scene and treating the complainant KEITH HOLMAN.

3 5     Following their arrival Defendant HAIRSTON placed suspect JOSEPH T GARDNER in custody, only to release him after he was satisfied of his innocence

3 6     No officer with the SEATTLE POLICE DEPARTMENT including Defendants HAIRSTON and WATERS, saw CARLOS CASTRO or RUBEN CASTRO on January 9, 2002

COMPLAINT - 4

LAW OFFICE OF ADAM P KARP
ADAM P. KARP, ESQ
600 1st Ave , Ste 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer com

3.7. Nearly thirty minutes after the altercation described above ended, Defendants HAIRSTON and WATERS opened the closed front door to 907 Southwest Holden Street, Apartment One, in Seattle, Washington on or around 3:45 p.m. on January 9, 2002, entering without a warrant, without consent, with guns drawn, and without the protection of an exception to warrantless entry.

3.8 Defendants HAIRSTON and WATERS intentionally trespassed on private property where Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE's female, eighteen-month-old American Staffordshire Terrier named PRINCESS was maintained and sheltered.

3.9. While inside the apartment, Defendants HAIRSTON and WATERS opened a closed door leading to a bedroom that contained Princess, who was in her cage.

3.10 PRINCESS emerged from her cage after Defendant HAIRSTON entered this room.

3.11 PRINCESS never physically contacted Defendants HAIRSTON or WATERS.

3.12 PRINCESS never chased or approached Defendants HAIRSTON or WATERS in a menacing fashion or apparent attitude of attack.

3.13 PRINCESS has no known propensity, tendency, or disposition to attack, to cause injury, or otherwise to threaten the safety of humans or domestic animals.

3.14 Defendant HAIRSTON discharged several shots from his firearm directed at PRINCESS, killing her.

3.15 Defendant WATERS also discharged several shots from his firearm directed at PRINCESS, killing her.

COMPLAINT - 5

LAW OFFICE OF ADAM P. KARP
ADAM P. KARP, ESQ.
600 1st Ave., Ste. 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer.com

3.16   Defendants HAIRSTON and WATERS have a reputation in the community for using lethal force on dogs, especially pit bull dogs, within months and blocks of the subject incident

3.17   Defendants HAIRSTON and WATERS, without legal authorization, intentionally or recklessly inflicted substantial pain on, caused physical injury to, or killed PRINCESS by a means causing undue suffering

3.18   On January 10, 2002, Seattle Animal Control released PRINCESS's body to Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE in a garbage bag leaking her blood

3.19   As a result of the incident, Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE lost the intrinsic value of PRINCESS, as based on her unique qualities, characteristics, and pedigree

3.20   Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE owned and formed a relationship with PRINCESS beginning in 2000, caring for and being cared for by each for nearly two years   PRINCESS was a close family companion throughout that period and had special value to the family, aiding Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE in their well-being, growth, development, and daily activities, including in work and play

3.21   At the time of the incident and before, Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE were healthy and active and fully capable of engaging in normal day-to-day mental and physical activities   Since the killing of PRINCESS, Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE's ability to perform and enjoy

COMPLAINT - 6

their usual activities, including family and work-related activities, has been impaired In addition, Plaintiffs JOHN BRACE. STEPHANIE BRACE, and MARISSA BRACE have suffered severe emotional distress and mental anguish affecting their psychological development

## IV. STATEMENT OF DAMAGES

4 1     As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiffs JOHN BRACE. STEPHANIE BRACE, and MARISSA BRACE sustained severe mental pain and suffering and injury in an amount that will be established at trial

4 2     As a further direct and proximate result of the intentional and negligent acts of the Defendants. said Defendants destroyed Plaintiff JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE's personalty, to wit, PRINCESS, an 18-month-old female American Staffordshire Terrier, causing them to lose PRINCESS's substantial intrinsic economic value and her companionship

4 3     Plaintiffs JOHN BRACE, STEPHANIE BRACE, and MARISSA BRACE are entitled to compensation for the constitutional harms Defendants inflicted on them, including loss of liberty and property

\#

\#

\#

\#

COMPLAINT - 7

Law Office of Adam P Karp
ADAM P KARP, ESQ.
600 1st Ave , Ste  224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer com

## V. CAUSES OF ACTION

**COUNT ONE**
Violation of Civil Rights
(Title 42 U.S.C. Section 1983)
AS TO ALL PLAINTIFFS
As To All Individual Defendants

5.1    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.3 of this Complaint.

5.2    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to:

> the right not to be deprived of liberty without due process of law;
>
> the right not to be deprived of property without due process of law;
>
> the right to be free from police excessive use of force;
>
> the right to be free from unreasonable search and seizure; and
>
> the right to just compensation for a taking of property for a public purpose.

5.3    In violating Plaintiffs' rights as delineated above, and other rights according to proof, Defendants acted by unauthorized warrantless search, warrantless seizure and/or use of force, or by setting the chain of events in motion that led to the unauthorized warrantless search, warrantless seizure, and use of force. Defendants acted to violate Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

COMPLAINT - 8

LAW OFFICE OF ADAM P. KARP
ADAM P. KARP, ESQ.
600 1st Ave., Ste. 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer.com

5.4   As a direct and proximate result of the violation of their constitutional rights by Defendants, and each of them. Plaintiffs suffered general and special damages as alleged in this Complaint.

5.5   The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein

## COUNT TWO
### Violation of Civil Rights
### (Title 42 U S C Section 1983)
### AS TO ALL PLAINTIFFS
### As To Defendants City of Seattle and Seattle Police Department

5.6   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4 3 of this Complaint

5.7   Defendants City of Seattle and Seattle Police Department implicitly or explicitly adopted and implemented a careless and reckless policy. custom, or practice of allowing the employees of the Seattle Police Department to confront canines, without any informed animal behavior training, in such a way as to cause the destruction of citizens' canine pets sheltered and maintained securely indoors on private property without lawful justification

5.8   Defendants City of Seattle and Seattle Police Department implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing the employees of the Seattle Police Department to confront canines by use of excessive force where less lethal alternatives exist

5.9   These policies. customs, or practices implicitly or explicitly allow, condone, ratify,

COMPLAINT - 9

LAW OFFICE OF ADAM P KARP
ADAM P KARP, ESQ
600 1st Ave Ste 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer com

and afford the reckless, careless, and erroneous confrontation with domestic canines secured inside homes on private property by their incompetent, unqualified, unskilled, and inexperienced personnel to handle animals, such as canines, when called upon to confront them while the officers are on the job, so as to make mistakes or act willfully, wantonly and/or recklessly so that they cause the death of citizens' canine pets presenting no danger to the public while being securely confined indoors on private property

5.10 These policies, customs, or practices implicitly or explicitly encourage employees of the Seattle Police Department to be more aggressive with pit bull dogs – viz., American Staffordshire Terriers, American Pit Bull Terriers, Staffordshire Bull Terriers, and Bull Terriers – particularly those maintained or sheltered in low-income neighborhoods or neighborhoods of color.

5.11 In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to

    the right not to be deprived of liberty without due process of law;

    the right not to be deprived of property without due process of law,

    the right to be free from police use of excessive force,

    the right to be free from unreasonable search and seizure, and

    the right to just compensation for a taking of property for a public purpose

5.12 As a direct and proximate result of the policies complained of herein, Plaintiffs have suffered general and special damages as set forth in this Complaint

LAW OFFICE OF ADAM P. KARP
ADAM P. KARP, ESQ
600 1st Ave., Ste. 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer.com

## COUNT THREE
### Violation of Civil Rights
### (WASHINGTON STATE CONSTITUTION)
### AS TO ALL PLAINTIFFS
### As to All Defendants

5.12   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.3 of this complaint

5.13   Defendants' warrantless entry and trespass onto private property and destruction of Plaintiffs' personalty, to wit PRINCESS as described above, was unlawful because it violated Article 1 of the Washington State Constitution, Section 3

5.14   As a direct and proximate result of the violation of their constitutional rights by each Defendant, Plaintiffs suffered general and special damages as alleged in this Complaint

5.15   The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein

## COUNT FOUR
### Common Law Trespass to Chattel
### AS TO ALL PLAINTIFFS
### As to All Defendants

5.16   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.3 of this Complaint

5.17   Defendants acted intentionally or in reckless disregard of probable consequences in damaging or destroying Plaintiffs' personal property, to wit, PRINCESS as described above

5.18   The proximate cause of Plaintiffs' injuries was the physical harm defendants caused

COMPLAINT - 11

to Plaintiffs' personal property as described above

5 19    As a direct result of one or more of Defendants' acts of trespass and the injuries resulting from those acts, Plaintiffs lost the intrinsic value of their property and suffered economic and noneconomic damages as more specifically set forth in the prayer below

## COUNT FIVE
### Common Law Conversion
### AS TO ALL PLAINTIFFS
### As to All Defendants

5 20    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4 3 of this Complaint

5 21    Defendants acted intentionally or in reckless disregard of probable consequences in the exercise of dominion or control over Plaintiffs' personal property, to wit, PRINCESS as described

5 22    The manner in which Defendants exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiffs' rights as the property owners to enjoy and/or control their personalty

5 23    The proximate cause of Plaintiffs' injuries was the physical harm Defendants caused to Plaintiffs' personal property as described above

5 24    As a direct result of one or more of Defendants' acts of conversion and the injuries resulting from those acts. Plaintiffs lost the intrinsic value of their property and suffered economic and noneconomic damages as more specifically set forth in the prayer below

#

COMPLAINT - 12

LAW OFFICE OF ADAM P. KARP
ADAM P. KARP, ESQ
600 1st Ave , Ste  224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer com

## COUNT SIX
### Common Law Loss of Companionship
### AS TO ALL PLAINTIFFS
### As to All Defendants

5.25   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.3 of this Complaint.

5.26   PRINCESS was the long-time animal companion of Plaintiffs, and she provided solace, affection, friendship, and love for a lengthy period of time up until the date of her death.

5.27   As their companion in all those respects, PRINCESS maintained a special relationship with Plaintiffs, situationally and emotionally similar to that of a human family member or relation.

5.28   In causing the death of PRINCESS in the manner they did, Defendants thereby destroyed that relationship and consequently caused Plaintiffs to permanently lose PRINCESS's companionship of the special nature described above. That subsequent damage was a foreseeable result of the actions and misconduct of Defendants as described above.

5.29   Defendants' conduct vitiated the cognizable parent-child relationship approximated between Plaintiffs and PRINCESS, for whom Plaintiffs regularly contributed support and upon whom Plaintiffs depended for emotional and psychological support.

5.30   As a result, Plaintiffs have suffered noneconomic damages as more specifically set forth in the prayer below.

#

#

COMPLAINT - 13

LAW OFFICE OF ADAM P. KARP
ADAM P. KARP, ESQ.
600 1st Ave., Ste. 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer.com

## COUNT SEVEN
<u>Common Law Intentional Infliction of Emotional Distress</u>
AS TO ALL PLAINTIFFS
<u>As to All Defendants</u>

5 31    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4 3 of this Complaint

5 32    Defendants' conduct as set out above was outrageous and extreme

5 33    Defendants intentionally or recklessly inflicted severe emotional distress on Plaintiffs

5 34    As a result, Plaintiffs suffered severe emotional distress and the attendant noneconomic damages

## COUNT EIGHT
<u>Common Law Negligence</u>
AS TO ALL PLAINTIFFS
<u>As to Individual Defendants</u>

5 35    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4 3 of this Complaint

5 36    Each Defendant owed Plaintiffs a duty to use due care at or about the times of the aforementioned incident

5 37    In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, directly and proximately resulting in the injuries and damages to Plaintiffs as alleged herein

\#

\#

\#

COMPLAINT - 14

LAW OFFICE OF ADAM P KARP
ADAM P. KARP, ESQ
600 1st Ave, Ste 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer com

**COUNT NINE**
Common Law Negligent Supervision
AS TO ALL PLAINTIFFS
As to Defendants City of Seattle and Seattle Police Department

5.38    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.3 of this Complaint

5.39    Each Defendant owed Plaintiffs a duty to use due care at or about the times of the aforementioned incident

5.40    Defendants CITY OF SEATTLE and SEATTLE POLICE DEPARTMENT negligently supervised Defendants HAIRSTON and WATERS and DOES 1-50 by failing to provide proper training and outline proper procedure in confronting domestic animals securely confined indoors on private property

5.41    In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, directly and proximately resulting in the injuries and damages to Plaintiffs as alleged herein

**COUNT TEN**
Common Law Gross Negligence
AS TO ALL PLAINTIFFS
As to All Defendants

5.38    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.3 of this Complaint

5.39    Defendants knew and/or should have known that there was a strong possibility that serious financial, emotional, and psychological harm would be inflicted on Plaintiffs as a result

COMPLAINT - 15

of their disregard for state and federal law concerning warrantless entry and unauthorized use of force.

5.40   In addition, in failing to comply with state and federal law, Defendants acted indifferently to the high degree of manifest psychological danger and destruction of personal property, to wit, PRINCESS as described above, to which Plaintiffs would be and were exposed by such conduct

5.41   The proximate cause of Plaintiffs' injuries was the grossly negligent conduct of Defendants in the above regard

## COUNT ELEVEN
Statutory Private Nuisance
(Title 7 R.C.W. Section 48)
AS TO ALL PLAINTIFFS
As to All Defendants

5.42   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.3 of this Complaint

5.43   Under Washington state law, specifically RCW 7.48.010 and 7.48.150, Defendants are liable to Plaintiffs for general damages sustained by virtue of their action – namely, trespassing and destroying personalty, to wit, PRINCESS as described. Such actions annoyed, injured, and endangered the comfort and repose of Plaintiffs, essentially interfering in the comfortable enjoyment of their personal property, to wit, PRINCESS as described

5.44   In engaging in the acts as described, Defendants violated the private nuisance statute and Plaintiffs are entitled to the statutory remedies for that violation

COMPLAINT - 16

LAW OFFICE OF ADAM P. KARP
ADAM P. KARP, ESQ
600 1st Ave., Ste. 224 • Seattle, WA 98104
(206) 903-1315 • Facsimile (206) 223-0224
adam@animal-lawyer.com

## JURY TRIAL DEMAND

6.0    Plaintiffs hereby demand a jury trial in this matter

## PRAYER

### ON THE FIRST, SECOND, AND THIRD CLAIM FOR RELIEF

1.    For the costs of this suit, including reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988 or as otherwise authorized by law,

2.    For actual, nominal, and compensatory damages under 42 U.S.C. § 1988, for emotional distress, and for general damages, including loss of companionship and impairment of Plaintiffs' ability to enjoy life, the exact extent of which will be established at the time of trial, and

3.    For punitive damages against individual Defendants in an amount to be proven at trial pursuant to Federal law

### ON THE FOURTH, FIFTH, EIGHTH, NINTH, AND TENTH CLAIM FOR RELIEF

4.    For general economic damages representing the intrinsic value of PRINCESS at the time of the loss based on her qualities, characteristics, and pedigree, subject to proof and modification at trial,

5.    For special damages and for loss of use of PRINCESS, subject to proof and modification at trial. and

6.    For noneconomic damages, joint and several against all defendants, subject to proof and modification at trial,

### ON THE SIXTH, SEVENTH, AND ELEVENTH CLAIM FOR RELIEF

7.    For general and noneconomic damages sustained subject to proof and modification at

COMPLAINT - 17

trial,

## ON ALL CAUSES OF ACTION

1. For costs of suit,

2. For statutory attorney's fees,

3. For postjudgment interest at 12% per annum or the highest rate permitted by law, whichever is greater, and,

4. For any other relief the Court deems just and proper

Dated this 12th day of May, 2003

LAW OFFICE OF ADAM P KARP

*/s/ Adam Karp*

Adam P Karp, WSBA No 28622
Attorney for Plaintiffs

COMPLAINT - 18

JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I (a) PLAINTIFFS**
John Brace, Stephanie Brace, & Marissa Brace

**DEFENDANTS**
City of Seattle, Seattle P.D., M. Waters & Jane Doe Waters, C. M. Hairston & Jane Doe Hairston, & Does 1-50

(b) County of Residence of First Listed Plaintiff: King
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed: King
(IN U S PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Adam Karp, Esq.
600 1st Ave., Ste. 224
Seattle, WA 98104
206-903-1315

C 03-1071 MJP
FILED ENTERED RECEIVED MAY 1 2 2003

**II. BASIS OF JURISDICTION** (Place an X in One Box Only)
- [ ] 1 U S Government Plaintiff
- [X] 3 Federal Question (U S Government Not a Party)
- [ ] 2 U S Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395f) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 440 Other Civil Rights 42 U.S.C. §1983 | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §1983 - 4th, 5th, & 14th Amendments

**VII REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
DEMAND $ UNKNOWN
CHECK YES only if demanded in complaint
JURY DEMAND: [X] Yes ☐ No

**VIII RELATED CASE(S) IF ANY** (See instructions)
JUDGE: _____ DOCKET NUMBER: _____

DATE: 5/12/03
SIGNATURE OF ATTORNEY OF RECORD: Adam Karp

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____